# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IVONNE LEAVELL and DAVID LEAVELL,<br><br>        Plaintiffs,<br><br>v.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC.,<br><br>        Defendant. | Case No.: 2:20-cv-01541-APG-VCF<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 22] |

The parties' proposed Joint Pretrial Order (ECF No. 22) does not comply with Local Rules 16-3 and 16-4.  For example, in their respective exhibit lists, the parties list what appears to be every document produced in this case, as evidenced by the consecutive Bates numbers, and all discovery responses.  Local Rule 16-3(b)(8) requires the parties to identify the "exhibits that will be offered in evidence by the parties at the trial."  Blanket designations of every produced document indicates the parties have not truly considered what documents they actually intend to use at trial.

The parties then attempt to "reserve the right to use any or all of the medical records produced by either party in this case during this litigation [and] further reserve the right to use any documents produced or identified by [the other party] during this litigation." ECF No. 22 at 8, 9.  There is no such right to reserve.  Again, Local Rule 16-3(b)(8) requires the parties to identify all of their trial exhibits.

Finally, the parties attempt to "reserve the right to object to exhibits. The parties have agreed to reserve any such objections until the time of trial." ECF No. 22 at 9.  Again, there is no such right to reserve.  Local Rule 16-3(b)(8)(B) requires the parties to state the grounds for each

objection to each exhibit.  "Stipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible." *Id.*

The requirements in Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement.  The parties cannot simply wait to make trial decisions until the eve of trial.  If they do, they cannot fully participate in settlement discussions.  While I understand counsel may be fearful of leaving out an exhibit they may need at trial, the Local Rules require the parties to think ahead about how they intend to present their case at trial and designate the exhibits they truly intend to use.  The parties may consider separately designating exhibits they are "likely" to use and those they "might" use depending on how the evidence develops.  But even that task requires forethought and realistic planning.  At least that helps the parties and the court to prepare for trial and negotiations.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 22) is REJECTED.**  The parties shall confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by May 18, 2022.

DATED this 26th day of April, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE