JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQUES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard – #195
Las Vegas, NV  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IVONNE LEAVELL, an individual; DAVID LEAVELL, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation; JOHN DOE I, an individual and employee of SMITH'S FOOD AND DRUG CENTERS, INC.,  DOES II – X; inclusive and ROE ENTITIES I – X, inclusive; <br><br>Defendants. | Case No. 2:20-cv-01541-APG-VCF <br><br>**JOINT PRETRIAL ORDER** |

The parties, by and through their undersigned counsel, hereby submit this Joint Pretrial Order pursuant to Local Rule 16-3. After pretrial proceedings in this cause,

IT IS SO ORDERED:

**I.**

**STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES**

This is a premises liability case arising out of an alleged slip and fall that occurred at a local SMITH'S grocery store on October 26, 2018. Specifically, Plaintiff Ivonne Leavell, alleges that she slipped and fell on a "plastic tie" and an "unknown substance" on the floor which caused her to fall. Plaintiffs allege that a SMITH'S employee, identified only as JOHN DOE I  in the Complaint, created the dangerous condition causing Ivonne Leavell to suffer injuries. Defendant denies Plaintiffs' allegations and further contends that the fall of Plaintiff Ivonne Leavell, and the resulting injuries, was

CLAC 6933528.1

the result of a misstep in which she twisted her ankle.

As a result of the incident, Ivonne Leavell alleges she suffered injuries specifically to her right shoulder and right knee. Plaintiff David Leavell, alleges that the injuries of his wife caused him damages for loss of consortium. Defendant denies liability and also denies causation of Plaintiffs' claimed damages.

**Plaintiffs' Contentions:**

Plaintiffs contend that Defendant was negligent. In their Complaint, Plaintiffs contend that Defendant was negligent in various ways, including the following:

1. Failing to have "spill mats in the area" of the fall. (Complaint paragraph 12);
2. Failing to place signs indicating the area may be wet (Complaint paragraph 12 and 14);
3. Failing to cordon off the area to customers (Complaint paragraph 12 and 14);
4. Tossing debris in the aisles (Complaint paragraph 14);
5. Failing to clean the area (Complaint paragraph 14);
6. Failing to properly supervise JOHN DOE I employee to insure that he complied with reasonable safety practices (Complaint paragraph 23);
7. Failing to supervise and or train JOHN DOE I (Complaint paragraph 24).

As a result of the above contentions, Plaintiffs allege that Defendant negligently created a dangerous condition which proximately caused injury and resulting damages to Plaintiffs. Plaintiffs also contend that Defendant is vicariously liable for the acts and omissions of its employee, JOHN DOE I, by virtue of the doctrine of respondeat superior. Moreover, Plaintiffs contend that SMITH'S negligence proximately caused injuries to Plaintiff Ivonne Leavell's right shoulder and right knee. Finally, Plaintiffs contend SMITH'S negligence will cause Plaintiff Ivonne Leavell to incur five years of lost earnings.

Plaintiff David Leavell contends that the negligence of SMITH'S proximately caused him to suffer past and future loss of consortium, loss of society, affection, assistance, and conjugal fellowship.

**Defendant's Contentions:**

Defendant denies Plaintiff's allegations and contends that it exercised reasonable care and that Plaintiff Ivonne Leavell has failed to establish a prima facie case of negligence. Defendant also affirmatively alleges that Plaintiff Ivonne Leavell was negligent. Specifically, that Plaintiff Ivonne

Leavell's fall was the result of her own misstep and not the result of slipping on either a plastic tie or on an unknown substance.

Defendant further contends that the injuries and damages claimed by Plaintiffs were not proximately caused by the incident at SMITH'S. Finally, Defendant also contends that Plaintiff, Ivonne Leavell's, alleged lost income and other future damages should be excluded from consideration by the jury inasmuch as Plaintiff has not produced relevant, admissible evidence supporting her claims other than her self-serving testimony which fails to satisfy standards for admissibility.

## II.

## STATEMENT OF JURISDICTION

Plaintiffs resided in Las Vegas, Nevada at the time of the accident; and still reside in Las Vegas, Nevada today. Defendant Smith's Food and Drug Centers, Inc. is a foreign corporation, licensed to do business in the County of Clark, State of Nevada. This matter involves a claim for damages in excess of $75,000. Jurisdiction is therefore based upon diversity of citizenship under 28 U.S.C. § 1332. The parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

## III.

## LIST OF CLAIMS FOR RELIEF

Plaintiffs' Complaint contains causes of action for negligence, negligent hiring, training, supervision and retention, and loss of consortium. As a result, Plaintiff Ivonne Leavell, is claiming past and future medical expenses. In addition, Plaintiff Ivonne Leavell is claiming entitlement to past and future loss of earnings.[1] Plaintiff David Leavell is claiming damages for loss of consortium.

## IV.

## LIST OF AFFIRMATIVE DEFENSES LISTED IN DEFENDANT'S ANSWER

In addition to affirmatively denying Plaintiffs' allegations and the contentions set forth above, Defendant has also affirmatively pled the following defenses:

1. Failure to mitigate damages; and

---

[1] To date, Plaintiff Ivonnne Leavell has never produced any evidence supporting her claim for loss of earnings.

3

CLAC 6933528.1

2. Comparative negligence.

## V.

### THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1. Venue is proper in the United States District Court for the District of Nevada in Las Vegas, Nevada.

2. This lawsuit arises out of a slip and fall that an accident that occurred on October 26, 2018, at a SMITH'S store in Las Vegas, Nevada.

## VI.

### THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

1. Defendant owned and operated the SMITH'S grocery store located at 9851 West Charleston Boulevard, Las Vegas, Nevada.

2. SMITH'S is a resident, for purposes of diversity jurisdiction, of the States of Ohio and Utah.

3. Plaintiffs are citizens and residents of Las Vegas, Nevada.

## VII.

### THE FOLLOWING ARE THE PARTIES' STATEMENT OF OTHER ISSUES OF FACT TO BE DETERMINED UPON TRIAL

A. **Plaintiffs:**

1. Whether an employee of SMITH'S store negligently caused the condition that led to Plaintiff Leavell slipping and falling?

2. Whether SMITH'S failed to provide a safe environment for customers of the SMITH'S Store?

3. Whether an employee of SMITH'S store negligently failed to take adequate measures to protect against the type of conditions that led to Plaintiff Leavell slipping and falling?

4. Whether the hazardous condition was readily apparent to Plaintiff Leavell?

5. Whether SMITHS'S negligently failed to keep the aisles and passageways in the SMITH'S store in a reasonably safe condition for SMITH'S customers and to protect SMITH'S

4

CLAC 6933528.1

customers against dangers caused by its routine business practice of restocking produce while the SMITH'S Premises remains open for business?

6. Whether SMITHS'S employee was negligent in tossing debris in the aisles creating a tripping and or slipping hazard, failing to place signs indicating the area may be wet, failing to cordon off the area so patrons would not be able to walk in the area of danger, or failing to clean the area?

7. Whether SMITH'S negligently failed to warn Plaintiff Leavell of an unsafe condition?

8. Whether SMITH'S negligently failed to supervise and or train its employee to keep the area around him safe when performing work that would cause water and other debris to be present on the floor around where the employee was and is working?

9. Whether SMITH'S negligently failed to supervise and or train its employees to deal with unsafe conditions that SMITH'S employee allegedly created?

10. Whether SMITH's is vicariously liable for the acts and omissions of its employee that negligently caused the unsafe condition?

11. Whether Plaintiff Leavell is entitled to recover damages for the loss of future income?

12. Whether Plaintiff Leavell suffered injuries as a result of SMITH'S negligence?

13. Whether the injuries Plaintiff Leavell sustained were proximately caused by her slipping and falling as a result of SMITH'S negligence?

14. Whether the medical expenses incurred by Plaintiff Leavell as a result of SMITH'S negligence were reasonable and necessary?

15. Whether Ms. Leavell is entitled to general damages for her pain and suffering?

16. Whether Ms. Leavell is entitled to damages for future medical care and expenses incidental thereto?

17. Whether Plaintiff Mr. Leavell is entitled to damages for his Loss of Consortium claim?

B. **Defendant:**

1. What caused Plaintiff Ivonne Leavell to fall at the SMITH'S store?
2. Whether Plaintiff Ivonne Leavell was negligent?
3. Whether SMITH'S was negligent?

5

4. Whether Plaintiffs can prove that SMITH'S negligently failed to provide adequate safety training for JOHN DOE I?
5. Whether Plaintiffs can prove that SMITH'S is vicariously liable for the acts and omissions of JOHN DOE I?
6. Whether Plaintiffs can prove that SMITH'S negligently failed to provide a safe environment?
7. Whether Plaintiffs can prove that SMITH'S negligently failed to warn Plaintiff of a known hazard?
8. Whether Plaintiffs can prove that SMITH'S negligently failed to supervise its employees?
9. Whether Plaintiffs can prove that SMITH'S negligently hired employees?
10. Whether Plaintiff Ivonne Leavell can introduce evidence regarding her claims for future damages?
11. Whether Plaintiff Ivonne Leavell's claims for loss of earnings can be presented to the jury?
12. Whether Plaintiffs can sustain their burden of proving damages?
13. Whether Plaintiffs can prove, to a reasonable degree of medical probability, that the SMITH'S accident proximately caused Plaintiff to incur the medical expenses claimed in this litigation?
14. Whether Plaintiff Ivonne Leavell's medical expenses were reasonable and necessary?
15. Whether evidence of Plaintiff Ivonne Leavell's preexisting conditions bars or limits her ability to seek damages herein?
16. Whether Plaintiff Ivonne Leavell's failure to apportion medical treatment between her preexisting medical conditions and those caused by the accident bars or limits her ability to seek damages herein?
17. Whether the subject accident caused any of the injuries alleged by Plaintiff Ivonne Leavell?
18. Whether Plaintiff David Leavell suffered damages proximately caused by the accident?

6

CLAC 6933528.1

# VIII.

## THE FOLLOWING ARE THE CONTESTED ISSUES OF LAW TO BE DETERMINED UPON TRIAL

**A.** **Plaintiffs:**

1. Whether SMITH'S was negligent?

2. Whether SMITH'S is vicariously liable for the negligent acts of its employee?

3. Whether the injuries suffered by Plaintiff Leavell were proximately caused the negligent acts of SMITH'S employee?

**B.** **Defendant:**

1.  The issues of law to be raised by the parties in motions *in limine.*

2.  Whether Defendant was negligent?

3.  Whether Plaintiff Ivonne Leavell can sustain her burden of proof that she incurred damages?

4.  Whether Plaintiffs can prove that the SMITH'S accident proximately caused Ivonne Leavell's claimed injuries?

5.  Whether Plaintiffs can prove the necessary elements for their causes of action?

# IX.

# EXHIBITS

The following exhibits, although not agreed to as admissible in evidence of this case are subject to be used by the parties:

**(A)** **Plaintiffs' Exhibits:**

1. Plaintiff, Ivonne Leavell's Medical Records and Bills of OptumCare Lung and Allergy(Bates stamped IL00001-IL00024).

2. Plaintiff, Ivonne Leavell's Medical Records and Bills of Southwest Medical Associates and Southwest Medical Urgent Care (Bates stamped IL00025-IL00168).

3. Plaintiff, Ivonne Leavell's Medical Records and Bills of Summerlin Hospital Medical Care Center (Bates stamped IL00169-IL00358).

4. Plaintiff, Ivonne Leavell's Medical Records and Bills of Nevada Orthopedic and Spine Center (Bates stamped IL00359-IL00395).

/ / /

CLAC 6933528.1

5. Plaintiff, Ivonne Leavell's Medical Records and Bills of ATI Physical Therapy (Bates stamped IL00396-IL00460).

6. Customer Statement from Plaintiff dated 10-26-2018 re: incident at Smith's (Bates Stamped IL00461-IL00462).

7. Copy of Pictures from Smith's on the date of the incident as identified in the Complaint (Bates Stamped IL00463-IL00480).

**(B)** **Defendant's exhibits:**

Defendant will offer the following Exhibits into evidence at trial:

1. Incident Report – *redacted* (DEF-0000001 – DEF-0000003);

2. Customer Statement – *redacted* (DEF-0000004 – DEF-0000005);

3. Sweeps/Floor Inspection Report (DEF-0000006 – DEF-0000007);

4. Seven (7) color copies of photographs from the date of the incident (DEF-0000008 – DEF-0000014);

5. One (1) compilation DVD from the day of the incident: 30181276152 – Ivonne Leavell – Date of Loss: 10/26/18 – Store 347 – DXA Files (1 of 1);

6. Enhanced copy of the SMITH'S video (Exhibit #5);

7. Still prints from the SMITH'S video (Exhibit #5);

8. Blowups and/or overlayed copies of SMITH's video and/or prints (Exhibit #5).

9. Photographs of the SMITH'S store taken by Plaintiffs (IL00467 through IL00471);

10. Photographs of Plaintiff Ivonne Leavell (IL00472 through IL00473, and IL00477 through IL00480);

11. Photographs of shoe (IL00474 through IL00476);

Defendant reserves the right to utilize any or all of the exhibits listed by Plaintiff or those listed below as necessary to impeach or rebut evidence presented by Plaintiffs at trial:

12. Letter from Sedgwick CMS to Ivonne Leavell dated October 30, 2018 (DEF-0000015);

13. Letter from Sedgwick CMS to Ivonne Leavell dated November 29, 2018 (DEF-0000016);

14. Letter from Gus W. Flangas, Esq. to Sedgwick CMS dated December 27, 2018; (DEF-0000017);

/ / /

8

CLAC 6933528.1

15. Letter from Jessica K. Peterson, Esq. to Sedgwick CMS, dated January 16, 2020 (DEF-0000021 – DEF-0000027);

16. Letter from Jessica K. Peterson, Esq. to Sedgwick CMS dated February 13, 2020 (DEF-0000029);

17. Letter from Sedgwick CMS to Gus W. Flangas, Esq. dated March 3, 2020 (DEF-0000030);

18. Ivonne Leavell's Responses to Requests for Admissions;

19. Ivonne Leavell's Responses to Requests for Production;

20. Ivonne Leavell's Answers to Interrogatories;

21. David Leavell's Answers to Interrogatories;

Defendant may utilize any or all of the medical records produced by either party in this case during this litigation to impeach evidence provided by Plaintiffs at trial.

**The following documents may be marked as exhibits, but shall not be admissible in evidence at this time:**

Plaintiffs' Exhibits: **6 and 7.** (Many of Plaintiffs' Exhibit #7 are offered by Defendant as Exhibits #9-11.)

Defendant's Exhibits: **1, 2, 4, 5, 9, 10, and 11.**

**As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:**

**(A)   Objections as to Plaintiffs' exhibits:**

Counsel for the parties have reviewed Plaintiffs' proposed exhibits 1 – 5 and each party stipulates that said medical records are authentic. Thus, neither side needs to call a custodian of records or medical provider to authenticate said documents.

Notwithstanding the foregoing agreement between counsel, Defendant objects to any and all medical records offered by Plaintiffs' attorney in Plaintiffs' proposed exhibits 1 – 5 until and unless a foundation has been provided to establish, to a reasonable degree of medical probability, that the medical treatment described in said records was reasonable, necessary and proximately caused by the accident involved in this litigation. (FRE 402 and 403) In addition, Defendant objects to Plaintiffs' exhibits 1 – 5 on the grounds of relevance and unfair prejudice. Defendant also objects to any hearsay information contained

in the medical records.  (FRE 402, 403 and 801)

**(B)     Objections as to Defendant's exhibits:**

Plaintiffs object to Defendant's exhibits listed below on the grounds stated hereinafter.

Exhibit 3:  Plaintiffs object to Defendant's exhibit 3 on the grounds of foundation, relevancy, and hearsay.  (FRE 402, 403, and 801).

Exhibits 6 – 8: Plaintiffs object to Defendant's exhibits 6 through 8, on the grounds of relevance and undue Prejudice (FRE 402 and 403).

Exhibits 12 – 17: Plaintiffs object to Defendant's exhibits 12-17 on the grounds of relevance and undue prejudice. (FRE 402 and 403).

Exhibits 18 – 21: Plaintiffs object to Defendant's exhibits 18 through 21, on the grounds of relevance, undue prejudice, and it being cumulative.  (FRE 402 and 403).  These exhibits should only be allowed for impeachment purposes.

**(C)** Electronic evidence: The parties anticipate utilizing the court's electronic evidence display system.  The parties do not anticipate utilizing native electronic evidence but will be displaying video electronically.  This includes the presentation of video electronically to the jury for deliberations.  The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

**Depositions:**

**Plaintiffs:** Plaintiffs have not taken any depositions to use at trial.

**Defendant:** Defendant intends to offer live testimony of designated witnesses at trial. Defendant does not anticipate offering any depositions unless a witness becomes unavailable at the time of trial. Defendant also reserves the right to use the depositions of David Leavell and Ivonne Leavell for purposes of impeachment.

## X.
## WITNESSES

The following witnesses may be called upon by the parties at trial:

/ / /

/ / /

CLAC 6933528.1

**(A)** **Plaintiffs' Witnesses:**

1. IVONNE LEAVELL
c/o Gus W. Flangas, Esq.
FLANGAS LAW GROUP
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146

2. DAVID LEAVELL
c/o Gus W. Flangas, Esq.
FLANGAS LAW GROUP
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146

3. Trisha Toone, Witness
c/o Smith's Store No. 347
9851 West Charleston Boulevard
Las Vegas, NV 89117

4. Lucy Landeros, Witness
Unknown Address
(702) 271-0879

5. Custodian of Records and/or
Person Most Knowledgeable
Optum Care Lung and Allergy Care
4750 West Oakey Blvd., Ste. 1A

**(B)** **Defendant's witnesses:**

1. Ivonne Leavell, Plaintiff
c/o Gus W. Flangas, Esq.
FLANGAS LAW GROUP
3275 South Jones Boulevard - Suite 105
Las Vegas, NV 89146
(702) 307-9500

2. David Leavell, Plaintiff
c/o Gus W. Flangas, Esq.
FLANGAS LAW GROUP
3275 South Jones Boulevard - Suite 105
Las Vegas, NV 89146
(702) 307-9500

3. Lucy Landeros
Unknown Address
(702) 271-0879

/ / /

/ / /

/ / /

CLAC 6933528.1

11

    4.     Trisha Toone
          c/o Smith's Store No. 347
          9851 West Charleston Boulevard
          Las Vegas, NV 89117
          (702) 946-1200

    5.     Steve Esposito
          c/o Smith's Store No. 347
          9851 West Charleston Boulevard
          Las Vegas, NV 89117
          (702) 946-1200

    6.     Tom Stunek or other Knowledgeable Representative of SMITH'S
          c/o Smith's Store No. 347
          9851 West Charleston Boulevard
          Las Vegas, NV 89117
          (702) 946-1200

Defendant reserves the right to call any medical provider identified by Plaintiffs during this litigation. Said medical provider may be called to testify regarding their care and treatment rendered to Plaintiff.

Defendant also reserves the right to call any witness identified by Plaintiffs.

## XII.

## **TRIAL DATE**

Counsel have met and herewith submit three (3) agreed-upon trial dates:

    1.     October 17, 2022

    2.     November 14, 2022

    3.     January 9, 2023

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 6933528.1

## XIII.

## TIME FOR TRIAL

It is estimated that the trial herein will take a total of 3-5 days.

| DATED this 18th day of May, 2022. | DATED this 18th day of May, 2022. |
| --- | --- |
| Flangas Law Group | Cooper Levenson, P.A. |
| /s/ Gus W. Flangas<br>Gus W. Flangas, Esq.<br>Nevada Bar No. 4989<br>3275 South Jones Blvd., Suite 105<br>Las Vegas, Nevada 89146<br>Attorneys for Plaintiffs | /s/ Jerry S. Busby<br>Jerry S. Busby, Esq.<br>Nevada Bar No. 1107<br>Andre T. Marques, Esq.<br>Nevada Bar No. 14737<br>3016 West Charleston Boulevard, Suite 195<br>Las Vegas, Nevada 89102<br>Attorneys for Defendant |

## XIII.

## ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on November 14, 2022, at 9:00 a.m. Calendar call will be held on November 8, 2022, at 9:00 a.m. in LV Courtroom 6C.

IT IS SO ORDERED:

Dated: May 19, 2022

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

CLAC 6933528.1